The plaintiff is entitled to tax the costs of the appeal to this court. The first judgment was reversed, with costs to abide the event. The event of the new trial was the circumstance which was to determine which party should recover the costs of the appeal. The order did not limit the recovery of costs to the prevailing party on the appeal, in case he should finally succeed in the action. Appeals are often taken for technical errors which do not affect the merits, and although the appellant is successful, the effect of such appeals in many cases is simply to protract and increase the expense of the litigation. There is generally no injustice in awarding costs on the appeal to the party who shall finally recover. It is conceded that the plaintiff is entitled to tax the costs of both trials. This is the undoubted practice, although the first judgment in his favor was erroneous. In analogy he should be allowed to tax the costs of the appeal. We have often limited the recovery of costs on appeal to one of the parties, but where the order reversing a judgment and granting a new trial is made with costs to abide the event, without other limitation, we under stand that the party finally succeeding in the action is entitled to tax them. This construction was put upon a similar order in Koon v. Thurman
(2 Hill, 357.) In Union Trust Co. v. *Page 471 Whiton (78 N.Y. 491), we refused to interfere with the construction given by the General Term of the first department to its own order. The question here is as to the construction of our order. The order of the Special and General Terms should be reversed and the taxation by the clerk should be affirmed.
All concur, except RAPALLO, J., absent.
Ordered accordingly.