## N. Y. COMMON PLEAS.

### JOSHUA C. SANDERS agt. JOHN TOWNSHEND.

*Costs — Who entitled to costs of the appeal when by the order of an appellate court judgment is reversed, with costs to abide event.*

When by the order of an appellate court judgment is reversed and a new trial ordered, with costs to abide the event, and without other limitation, the final prevailing party is entitled to the costs of the appeal.

*Special Term, June,* 1882.

Sanders agt. Townshend.

APPEAL from the taxation of the clerk for disallowing the defendant's costs of the appeal to the general term.

On the trial of this action before Hon. J. F. DALY, J., and a jury, it resulted in a judgment for the defendant. From the judgment the plaintiff appealed to the general term, and that court reversed the judgment, and ordered a new trial, with costs to abide the event. From this the defendant appealed to the court of appeals, which court reversed the general term and affirmed the trial term. Upon this the defendant presented his bill of costs on appeal to the general term to the clerk for taxation, which he, at the instance of the plaintiff, refused to do, claiming that the defendant was not entitled to the costs on the appeal to the general term. From this an appeal was taken to the special term.

*Jacob Fromme*, for defendant, in support of the appeal, cited 2 *Hill*, 357; 5 *Weekly Dig.*, 391; 8 *id.*, 145; 8 *Hun*, 524; 70 *N. Y.*, 795; 84 *N. Y.*, 469; distinguishing 74 *N.Y.*, 491; also, *Vol.* 1, *No.* 4; *Civil Procedure Reports, p.* 306.

*Joshua C. Sanders*, plaintiff in person, cited and relied on 78 *New York*, 491.

VAN HOESEN, J. — Motion for retaxation under section 3265. The action has ended. The event — *i. e.*, the result of the litigation — was that the defendant obtained judgment. The costs of the appeal to the general term abided — *i. e.*, depended upon — the final result of the litigation. When that result was reached the party who prevailed became entitled to the costs of the appeal to the general term. The costs of that appeal belong, therefore, to the defendant, the party finally prevailing in the litigation.