JAMES CARTER, Respondent, *v.* CHARLES J. HODGE et al., Appellants.

1. UNDERTAKING ON APPEAL FROM ORDER DENYING NEW TRIAL NOT A STAY OF EXECUTION — CODE CIV. PROC. §§ 1351, 1352. The giving of an undertaking, in the form prescribed by law for the stay of execution, upon an appeal to the General Term from an order denying a motion for a new trial, and not from the judgment in the action, does not, by force of the statute (Code Civ. Proc. §§ 1351, 1352), operate as a stay of proceedings upon the judgment, without an order of the court or a judge to that effect.

2. INEFFECTUAL UNDERTAKING NOT ENFORCEABLE. A voluntary undertaking, given by the appellant upon an appeal to the General Term from an order denying a motion for a new trial, without an order staying proceedings upon the judgment in the action by reason thereof, and, therefore, ineffectual to accomplish that purpose, is not enforceable by the respondent even as a common-law contract, where he has not forborne proceedings for the *collection of the judgment on the faith of the under-* taking, and there is nothing from which a mutual agreement can be inferred that proceedings on the judgment should be stayed in considera-tion of the undertaking, or from which a request for forbearance acted upon by the respondent can be inferred.

3. STAY OF PROCEEDINGS WITHOUT SECURITY. There is no statute or practice which disables a court or judge from granting, in his discretion, without security, a temporary stay of proceedings upon a money judgment in an ordinary action, pending a motion therein.

4. INJUNCTION — CODE CIV. PROC. § 613. Section 613 of the Code of Civil Procedure, providing for an undertaking upon the granting of an injunction order, has no application to a temporary stay of proceedings upon a judgment in an ordinary action, pending a motion therein.

5. VOLUNTARY UNDERTAKING NOT INFERENTIALLY SUPPORTED BY SUBSEQUENT TEMPORARY STAY. It is not to be inferred that a judge, in staying proceedings upon a money judgment, pending a motion by the appellant for a stay pending his appeal, in an ordinary action in which an appeal has been taken only from an order denying a motion for a new trial upon the minutes, was influenced by, and so furnished a consideration for, a voluntary undertaking theretofore given upon such appeal.

(Argued October 13, 1896; decided October 27, 1896.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, entered June 15, 1894, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on a trial without a jury.

This action was brought against defendants as sureties upon an undertaking given on appeal by the Buffalo Carette Company to the General Term of the Superior Court of Buffalo, from an order denying a motion for a new trial made on the minutes in an action by the respondent herein against that company, in which he recovered a judgment for damages and costs. The undertaking was filed and served upon the sheriff of Erie county after an execution had been issued and a levy made under the judgment, but nevertheless the sheriff was directed by the plaintiff's attorney to proceed under the execution. On July 15, 1892, the judgment defendant company noticed a motion for July 25, 1892, for an order staying execution pending appeal, and on the same day the county judge of Erie county made an order staying all proceedings to enforce the judgment until the hearing of the motion. Upon the hearing, the Superior Court granted the motion, upon condition that the appellant therein file within two days an undertaking that should be deemed sufficient to protect the

respondent therein upon the staying of the execution, and directed that the levy theretofore made stand until the filing of the undertaking, which was executed by the same sureties as the one in suit, but plaintiff excepting to their sufficiency and they failing to justify, it never became operative.

Further facts are stated in the opinion.

*William B. Hoyt* for appellants. The test of liability of sureties upon an undertaking is the efficiency of the undertaking to accomplish the result intended. ( *Wing* v. *Rogers*, 138 N. Y. 361; *Hemmingway* v. *Poucher*, 98 N. Y. 281; *Post* v. *Doremus*, 60 N. Y. 371.) The undertaking in suit was not sufficient to stay execution of judgment pending the appeal from the order denying motion for new trial. (Code Civ. Proc. §§ 1342, 1343.) The plaintiff had the right to, and did, disregard the undertaking as effecting a stay of execution pending the appeal. (*Manning* v. *Gould*, 90 N. Y. 476.) The undertaking cannot be upheld as a valid instrument or agreement at common law. (*Mittnacht* v. *Kellermann*, 105 N. Y. 461–467; *Thompson* v. *Blanchard*, 3 N. Y. 335; *Doolittle* v. *Dininny*, 31 N. Y. 350; *Cutts* v. *Guild*, 57 N. Y. 229–234.) The order of the county judge did not, and was not intended to, effect a stay of proceedings pending appeal. (Code Civ. Proc. § 613.) An election of remedies once made is final. (*Goff* v. *Craven*, 34 Hun, 150; *Rodermund* v. *Clark*, 46 N. Y. 354–357; *Fowler* v. *Bowery S. Bank*, 113 N. Y. 450; *Kennedy* v. *Thorp*, 51 N. Y. 174; *Manning* v. *Gould*, 90 N. Y. 481.)

*George W. Cothran* for respondent. The exceptions taken are insufficient. (Code Civ. Proc. §§ 992, 994; *Daniels* v. *Smith*, 130 N. Y. 696; *Ward* v. *Craig*, 87 N. Y. 550; *Turner* v. *Weston*, 133 N. Y. 650; *Hepburn* v. *Montgomery*, 97 N. Y. 617; *Angevine* v. *Jackson*, 103 N. Y. 470; *Thompson* v. *Hazard*, 120 N. Y. 634; *Newell* v. *Doty*, 33 N. Y. 83.) This is an action upon an undertaking given upon an appeal,

to procure a stay of proceedings and there is not any question of law involved. This appeal is a mere attempt to procure a release of these sureties from obligations assumed, under seal, upon mere technical grounds which should not prevail. (Code Civ. Proc. §§ 1326, 1327, 1346, 1347, 1351–1353.) The undertaking was the foundation of the stay order, as the judge had not power to grant a stay without the undertaking. (Code Civ. Proc. § 613.) The order was an effectual stay of all proceedings from July fifteenth until the hearing and decision of the motion on July twenty-seventh. (Code Civ. Proc. § 1335; *Manning* v. *Gould*, 90 N. Y. 476; *Wing* v. *Rogers*, 138 N. Y. 361; *Goodwin* v. *Bunzl*, 102 N. Y. 224; *C. S. & A. Assn.* v. *Read*, 124 N. Y. 189.) The action properly lies upon the undertaking as a valid instrument or agreement at common law. (*Goodwin* v. *Bunzl*, 102 N. Y. 224; *Carr & Hobson* v. *Sterling*, 114 N. Y. 558; *C. S. & A. Assn.* v. *Read*, 124 N. Y. 189.)

ANDREWS, Ch. J. No security was required to perfect the appeal to the General Term from the order denying the motion for a new trial. (Code, § 1351.) But the taking of the appeal did not, *ipso facto*, stay proceedings on the judgment. They could only be stayed by an order of the court directing a stay. (Id.) The giving of the undertaking on an appeal from the order was ineffectual for that purpose. It was the voluntary act of the defendants in the judgment, not directed by the court, and no order was obtained staying the proceedings. The attorneys for the appellants on the appeal from the order seem to have supposed that on appeal from an order, the same rule applied, as on appeal from a final judgment, namely, that the giving of an undertaking in the form prescribed by law, for the stay of execution, operates as a stay of proceedings without any order of the court. But it is only where the appeal is from the judgment that this consequence follows from the giving of an undertaking. (Code, § 1352.) The language of sec. 1351 leaves no room for construction : "Security is not required to perfect the appeal;

but, except where it is otherwise specially prescribed by law, the appeal does not stay the execution of the judgment or order appealed from ; unless the court in and from which the appeal is taken, or a judge thereof, makes an order directing such stay." There is no statute taking an appeal from an order denying a motion for a new trial on the minutes out of the general rule declared by this section, as is the case on appeal from a judgment. The plaintiff in the judgment in the action in which the undertaking was given was not precluded thereby from proceeding to enforce the judgment pending the appeal from the order, since no direction of any court or judge had been obtained directing a stay. The attorneys for the plaintiff in the judgment acted upon this view. After the undertaking had been given they directed the sheriff who held the execution to proceed with its collection, and so far as appears the direction has never been withdrawn. The plaintiff's attorneys were correct in their assumption that the undertaking did not, unaccompanied by an order of the court, stay proceedings on the judgment. If nothing further had transpired it would seem plain that the plaintiff could not enforce the undertaking. It was a voluntary agreement, ineffectual to accomplish the purpose for which it was executed. It did not secure to the defendants in the judgment the benefit intended, was supported by no consideration, and was treated by the plaintiff as ineffectual and void. (See *Wing* v. *Rogers*, 138 N. Y. 361.)

But it is claimed that the stay of proceedings pending the hearing of the motion noticed by the defendants in the judgment for an order staying proceedings pending the appeal, made by the county judge July 15, 1892 (after the undertaking had been given and after the plaintiff's attorney had directed the sheriff to proceed on the execution), was based on the undertaking, and that for the the period of such stay, that is, between the notice and hearing of the motion, the defendants in the judgment had the benefit of the undertaking. The action of the county judge, it is said, was equivalent to an order staying the proceedings, *pro*

*tanto*, on the security of the undertaking. Without considering whether the county judge has any power to grant a stay (see Code, sec. 772), the claim that the county judge made the temporary stay because of the security furnished by the undertaking, proceeds upon the unfounded assumption that a court or judge cannot grant a temporary stay of proceedings on a money judgment for any time, however short, pending the hearing of a motion in the action, without exacting security, and that, therefore, the judge must have given effect to the undertaking as security. Section 613 of the Code, relied upon to sustain this assumption, has no application. That section is in the title of the Code regulating proceedings on injunctions. It relates to injunction orders issued in aid of the provisional remedy by injunction. While a stay of proceedings in an ordinary action is in some sense an injunction order, the power to grant such a stay is not given by the provisions of the title relating to injunctions, but by distinct statutory provisions, or the practice of the court, where the procedure has not been otherwise prescribed.

We know of no statute or practice which disables a court or judge, in his discretion, from staying proceedings on a judgment pending a motion in the action, with or without security. This power, so far as we know, has hitherto been unchallenged. It is subject to statutory limitation and has been limited in respect to the period during which the stay may be made to extend, as, for example, by section 775 of the Code. It cannot, therefore, be inferred that the county judge, in staying proceedings pending the motion, referred to, was influenced by the fact that the appellants on their appeal from the order refusing a new trial, had given the undertaking in question. The disposition made of the motion on the hearing shows that the court regarded the undertaking as a nullity. It granted a permanent stay on condition that the appellant should within two days give an undertaking staying the execution of the judgment pending the appeal from the order. This by clear implication left the plaintiff at

liberty to proceed unless the undertaking was given. We think the plaintiff was not entitled to enforce the undertaking in question. It did not stay the plaintiff's proceeding as matter of law. The plaintiff did not forbear proceedings on the faith of it, but promptly directed the sheriff to disregard it. The temporary stay granted by the county judge furnished no consideration to support the undertaking for the reason indicated. The fact that, after the hearing and decision of the motion, the plaintiff and the sheriff took no steps to enforce the judgment is immaterial. The forbearance was not induced by any act of the sureties or of the principal.

The undertaking cannot be enforced as a common-law contract. The plaintiff refused to regard it as effectual to stay proceedings. There is nothing from which a mutual agreement of the parties can be inferred that proceedings on the judgment should be stayed in consideration of the undertaking, or from which a request of forbearance acted upon by the plaintiff, can be implied.

We think the judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.