(75 App. Div. 288.)

### JOHNSON v. MANNING.

(Supreme Court, Appellate Division, Second Department. October 3, 1902.)

1. APPEAL—AMENDMENT OF NOTICE NUNC PRO TUNC.
  Where defendant in proper time serves a notice of appeal from an order, and an undertaking defective because making reference to a second order, the court may, after the time for notice, allow the filing and serving nunc pro tunc of an amended notice and undertaking, merely striking out reference to the second order.
  Hirschberg, J., dissenting.

Appeal from special term, Kings county.

Action by Christina Johnson against John J. Manning, as president of Local Union No. 471 of the United Brotherhood of Carpenters and Joiners of America. From an order allowing an amended notice of appeal to be filed, and requiring plaintiff to make restitution, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

F. J. Moissen, for appellant.
James T. O'Neill, for respondent.

JENKS, J. On October 11, 1901, the plaintiff entered judgment by default in an action begun in a municipal court, filed a transcript of her judgment in the office of the county clerk of Kings county, and issued execution thereon. Supplementary proceedings followed the return of the execution. Pending such proceedings the defendant on January 27, 1902, moved the special term to vacate the judgment and all proceedings thereon, on the ground of the improper service of the summons. The motion was denied, and the defendant received notice of the entry of the order of denial on February 1, 1902. On February 6, 1902, the special term made an order in the supplementary proceedings that the Germania Savings Bank satisfied the judgment out of a deposit to the credit of the defendant. On February 8, 1902, the respondent served one notice of appeal from the order refusing to vacate the judgment, and requiring restitution, with an undertaking. The plaintiff forthwith returned the notice and the undertaking on the ground that they were not in accordance with the Code of Civil Procedure. On March 24, 1902, on motion of the defendant the special term made an order allowing it to file and serve an amended notice of appeal and an undertaking as of the 8th day of February, 1902, and the plaintiff appeals.

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. § 2149.

The amendment is an elimination of all reference to the second order, and a conformation of. the undertaking accordingly.   The substantial fact is that the defendant is confined to the notice of an appeal from one order, and that it is the same notice of appeal as that originally served, save that all reference to the second order is stricken out as surplusage, and the undertaking is made to conform.   See Schermerhorn v. Anderson, 1 N. Y. 430.   I am not prepared to say that such amendment was not within the discretion of the special term.   See Shuler v. Maxwell, 38 Hun, 242; Fry v. Bennett, 16 How. Prac. 385, 2 Bosw.. 684; Baylies, New Tr. & App. 250, and authorities cited.   Of course, if the order in effect had permitted an appeal where none had been taken, or had changed the character or scope of an appeal, that would present a different question, and the order could not be sustained.   Lavalle v. Skelly, 90 N. Y. 546; Piper v. Van Buren, 27 Hun, 384.

I think that the order should be affirmed, but, under the circumstances, without costs.   All concur, except HIRSCHBERG, J., dissenting.