(42 Misc. Rep. 503.)

### SPONENBURGH v. CITY OF GLOVERSVILLE.

(Supreme Court, Special Term, Fulton County. February, 1904.)

**1. JUDGMENT—TEMPORARY STAY.**

    The Supreme Court has power, in its discretion, to temporarily suspend the operation of its judgments, or to stay proceedings on them for such time and on such terms as it may deem proper.

**2. SAME—SECOND SUSPENSION.**

    Plaintiff sued to recover damages for the pollution of the waters of a creek into which defendant city discharged its sewage, and recovered judgment which directed the city to so arrange its sewage system as not to pollute the stream and injure the farm. The court suspended operation of the mandatory and injunctive relief, and gave the city leave to apply for a further suspension to obtain appropriate legislation or establish a different sewage system. *Held*, that the court had power, after a suspension of one year, to grant a second suspension, it not being an amendment of the judgment, but only a regulation of the manner in which it should be enforced.

Action by George Sponenburgh against the city of Gloversville. Judgment for plaintiff. Application by defendant to suspend the operation of the injunctive provisions contained in the judgment. Granted.

Wm. A. McDonald, for the motion.

M. D. Murray (A. J. Nellis, of counsel), opposed.

SPENCER, J. This is an application for an order suspending the operation of certain injunctive provisions contained in the judgment herein. Eighteen other motions are made in as many other actions, and, as the cases are substantially alike, the decision in one will serve for all.

This action was brought to recover damages to the plaintiff's farm, occasioned by the pollution of the waters of the Cayadutta creek by the discharging of the defendant's public sewage therein. It appeared upon the trial that a large number of leather dressing establishments and the city of Johnstown also discharged their sewage and other refuse into said stream, and the court by its judgment

determined that the damages resulting from the pollution was $15 a year, imposing one-third thereof upon the defendant as its share. The judgment also directed the defendant to so arrange its system of sewers and drains that none of the polluted matters therefrom should be discharged into said creek so as to affect the lands of the plaintiff for farming, dairying, and domestic purposes, or cause offensive or unwholesome odors. It contained a further provision as follows:

"The operation of said injunction shall be and is suspended until the 29th day of January, 1903, and the defendant may have leave to apply to this court at Special Term to have the operation of said injunction further suspended for such further reasonable time as may seem necessary for the obtaining of appropriate legislation or the establishing of a different system of sewage for the defendant city."

Thereafter the defendant moved at Special Term under the provisions of the judgment, and this court, on the 14th day of February, 1903, made an order as follows:

"The operation of said injunction be, and the same hereby is, further suspended for one year until the 29th day of January, 1904."

The term of suspension so granted having nearly expired, the defendant makes this application for an order extending the same.

I have examined with care the moving and opposing affidavits, and am satisfied that good and sufficient reasons have been shown for an extension of the time mentioned, provided the court has the power to grant the same. The plaintiff contends that the court has not the power; that the judgment, by its terms, provides for but one extension of the period of suspension, which has already been granted; and that another suspension would constitute an amendment of the judgment, and change the substantial rights of the parties as established thereby. If to extend the time would work such a result, it may be admitted at the outset that the court has not the power. Heath v. N. Y. B. L. B. Co., 146 N. Y. 260, 40 N. E. 770; Kamp v. Kamp, 59 N. Y. 212; Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084. I am of the opinion, however, that the granting of the extension asked for will not work such a result, but serves only to regulate the manner in which the rights fixed by the judgment shall be enforced. This court has always had power in its discretion to temporarily suspend the operation of its judgments, to correct mistakes in them, to vacate them for irregularity, or to stay proceedings on them for such time and on such terms as to the court may seem proper. Thus, in Granger v. Craig, 85 N. Y. 619, where the judgment was for the foreclosure of a mortgage, and the defendant upon appeal desiring a stay, not allowed by the provisions of the Code, applied to this court for an order, and it was held that the granting of the order was within the power of the court, to be exercised in its discretion. Also in Genet v. D. & H. C. Co., 113 N. Y. 472, 21 N. E. 390, the action was in the Superior Court of the city of New York, the judgment awarding an injunction to the plaintiff prohibiting the defendant from using its structures on the plaintiff's lands in the way it had been accustomed to use them for several years. Although the defendant appealed, such appeal did not relieve the defendant

from the duty of obeying the judgment. The Special Term of that court granted an order relieving the defendant from the duty of immediate obedience pending the appeal, and this was held to be within the power of that court. The case of Carter v. Hodge, 150 N. Y. 532, 44 N. E. 1101, was in the Superior Court of Buffalo, and is to like effect.

I am also of the opinion that the provision for further suspension contained in the judgment herein does not preclude this court from the exercise of its discretion on this application. But, even if this were so, the language of the judgment does not limit the court to a single order. The objects for the accomplishment of which reasonable time was granted to the defendant could not, by the very nature of the case, be determined by the trial court, and can only be determined by the Special Term as the results of the defendant's efforts toward their accomplishment are manifested. The judgment contains no direction as to the manner in which the Special Term shall make its determination. It is left to the discretion of the court to decide in view of the necessities of the case as they arise what shall constitute reasonable time. The Special Term by its former order did not so determine. It simply extended the suspension for one year, but did not adjudge that a year was a reasonable time within which the defendant should accomplish the objects mentioned in the judgment. That such is a fair interpretation of the meaning of the judgment finds support in the evident purpose of the Trial Term in making the provision in question. The action being in equity, the court, by the terms of its judgment, sought to accomplish equity for the plaintiff, and in so doing to avoid making its judgment the instrumentality of a greater injustice than the one which it was intended to correct. The sewers established and maintained by the defendant city have long been in existence, and constitute a matter of vital importance to the health of a large community. To have commanded the immediate cessation of their use would have endangered the welfare and health not only of the particular city involved, but of the entire commonwealth. Such a menace, measured against the injury resulting to the plaintiff's farm by a temporary continuance of the use of the sewers, reveals the purpose of the court beyond peradventure. It cannot, therefore, be supposed that the trial court intended to compel the Special Term to decide so important a matter until, from the development of the defendant's efforts to comply with the requirements of the judgment, the court should have sufficient facts before it for a proper and equitable determination.

Let an order be submitted suspending the operation of the injunctive provisions contained in the judgment for one year from January 29, 1904, upon the compliance by the defendant with the following terms and provisions, viz.: The defendant to pay to the plaintiff's attorney, within 10 days after the entry of this order, the sum of $14 as damages accruing to the plaintiff during the period of such suspension, and the further sum of $10 costs of this motion.

Let similar orders be submitted in the other 18 applications, leaving blank spaces for the amount of annual damages, which I will adjust upon signing orders.

Ordered accordingly.