(97 App. Div. 230.)

### MOSSEIN v. EMPIRE STATE SURETY CO.

(Supreme Court, Appellate Division, Second Department. September 29, 1904.)

1. INEFFECTUAL APPEAL BOND—ENFORCEABILITY.

An undertaking on appeal from an order of the Special Term for restitution of money being, under Code Civ. Proc. §§ 1351, 1352, unnecessary for perfecting the appeal, and, in the absence of an order of the court to that effect, ineffectual as a stay, is not enforceable; it not being shown that the

respondent on such appeal agreed to, or did, refrain from enforcing the order pending the appeal, or that there was a sufficient consideration to make the undertaking a common-law obligation.

Appeal from Special Term.

Action by Edward P. Mossein, president of the Local Union No. 471 of the United Brotherhood of Carpenters and Joiners of America, against the Empire State Surety Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

F. J. Moissen, for appellant.
William F. Hagarty, for respondent.

HOOKER, J. By an order of the Special Term of this court in the case of Johnson against the present plaintiff, entered on the 3d day of April, 1902, the plaintiff in that case was directed to make restitution of moneys paid to her through the sheriff by a third party, pursuant to certain third party orders in supplemental proceedings. The plaintiff in that case appealed to this court from that order, and upon that appeal gave the undertaking upon which the judgment in the appeal now before us was based. After reciting generally the terms of the order, the undertaking provided:

"Now, therefore, the Empire State Surety Company, having an office and place of business at No. 375 Fulton street, in the Borough of Brooklyn, City of New York, does hereby, pursuant to the statute in such case made and provided, undertake that the appellant will pay all costs and damages which may be awarded against the appellant on said appeal, not exceeding five hundred dollars, and does also undertake that if the judgment or order so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum recovered or directed to be paid by the judgment or order, or the part thereof as to which said judgment or order shall be affirmed."

The order of April 3, 1902, was affirmed in this court (Johnson v. Manning, 75 App. Div. 288, 78 N. Y. Supp. 98), and the restitution on the part of Johnson not having been made, this action was commenced against the surety. The court directed a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant appeals.

The disposition of this case is dependent upon the principles laid down in Carter v. Hodge, 150 N. Y. 532, 44 N. E. 1101, and we are of the opinion that the facts in this case cannot be distinguished therefrom. The giving of the undertaking in suit did not, without an order of the court or judge to that effect, operate as a stay of the requirements of the order of April 3d, directing restitution. Code Civ. Proc. §§ 1351, 1352. The second paragraph in the syllabus in the Carter Case correctly stated what was decided there in respect to the unenforceability of an ineffectual undertaking as follows:

"A voluntary undertaking, given by the appellant upon an appeal to the General Term from an order denying a motion for a new trial, without an order staying proceedings upon the judgment in the action by reason thereof, and therefore ineffectual to accomplish that purpose, is not enforceable by the respondent even as a common-law contract, where he has not forborne proceed-

ings for the collection of the judgment on the faith of the undertaking, and there is nothing from which a mutual agreement can be inferred that proceedings on the judgment should be stayed in consideration of the undertaking, or from which a request for forbearance, acted upon by the respondent, can be inferred."

There is in this case no allegation in the complaint and no proof upon the trial that the respondent on the appeal from the order of April 3d agreed to or did actually refrain from seeking to reap the fruits of his successful motion. We are not, nor was the court below, advised that this plaintiff did not proceed to accomplish the restitution which Johnson had been directed to make; and in that particular the case is completely distinguishable from Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399, and Concordia S. & A. Assn. v. Read, 124 N. Y. 189, 26 N. E. 347, and Carr & Hobson v. Sterling, 114 N. Y. 558, 22 N. E. 37. In those cases the recovery was allowed upon the undertakings on the ground that they were common-law obligations, with sufficient considerations to support them, and that these considerations were the actual forbearance by the successful parties, in whose favor the undertakings were given, from prosecuting during the pendency of the appeals. The giving of the undertaking here was an idle ceremony, and accomplished nothing; and, inasmuch as the case is without any feature from which the court was authorized to find a consideration sufficient to support a common-law obligation, the judgment was erroneous. See Wing v. Rogers, 138 N. Y. 361, 34 N. E. 194.

The judgment, therefore, must be reversed, and a new trial granted; costs to abide the event. All concur; HIRSCHBERG, P. J., in result.