(112 App. Div. 69)

MOSSEIN v.· EMPIRE STATE SURETY CO.

(Supreme Court, Appellate Division, Second Department.   March 22, 1906.)

PLEADING—AMENDMENT—AFFIDAVIT BY ATTORNEY.

In an action on a bond in a legal proceeding, where the court held on appeal that the complaint failed to state a cause of action, because it was not alleged that plaintiff had agreed to or did actually refrain from seeking to reap the fruits of his successful motion, an amendment may be permitted by the trial court on remand of the cause, on an affidavit of the counsel for the plaintiff setting forth the facts, and alleging that the affidavit is made by the counsel rather than the plaintiff; the facts being peculiarly within the knowledge of the counsel.

Appeal from Special Term.

Action by Edward P. Mossein against the Empire State Surety Company. From an order permitting plaintiff to amend his complaint, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

F. J. Moissen, for appellant.

William F. Hagarty, for respondent.

WOODWARD, J.   Upon a former appeal in this action this court held that the complaint failed to state a cause of action, because it was not alleged that the plaintiff had "agreed to or did actnally refrain from seeking to reap the fruits of his successful motion"; it being held that such allegation was necessary to bind the defendant, a surety company, which has given a bond in a proceeding, and upon which a recovery is sought in this action. Mossein v. Empire State Surety Co., 97 App. Div. 230, 89 N. Y. Supp. 843. The judgment in favor of the plaintiff was reversed, and a new trial granted; costs to abide the event. The granting of a new trial of course assumed that the plaintiff would take the steps necessary to state a cause of action if the facts justified him in doing so, and when the case reached a second trial the defendant moved to dismiss the complaint, upon the ground that it failed to state a cause of action, whereupon the court permitted the plaintiff to withdraw a juror, that he might make an application to the Special Term for an amendment of the complaint, upon the payment of $30 term costs. The plaintiff accepted these terms, and made a motion for an amendment of the complaint, which was granted upon the payment of $10 motion costs, and from the order so granted defendant appeals to this court.

The defendant urges that the affidavit on which the application for an amendment was made to the court was made by counsel rather than the plaintiff, and that it is insufficient, and cites various authorities to the effect that an affidavit by an attorney or counsel as to facts within the knowledge of the moving party is not a good foundation for granting an amendment. But in the present instance counsel states in his affidavit the history of this case on its former trial and appeal, and alleges that:

"From the statement of the case in this action to deponent, * * * by the plaintiff and his witnesses, deponent verily believes that the plaintiff has a good and sufficient cause of action upon the merits, and that he has so in-

formed the said plaintiff. That the affidavit herein is made by deponent rather than by the plaintiff, for the reason that the facts herein set forth are peculiarly within deponent's knowledge."

That is, the deponent, knowing the history of the case, states the facts to the court, and asks, under the provisions of section 723 of the Code of Civil Procedure, to be permitted to insert "an allegation material to the case." It does not change the cause of action, except that it completes a state of facts necessary to sustain a judgment in favor of the plaintiff. The defendant has entered into a contract of suretyship, and it succeeded upon a former appeal because of the failure of the plaintiff to complete an allegation which imposed the liability; and, the case being within the jurisdiction of the court, and a new trial having been awarded for no other purpose than to permit the plaintiff to complete his cause of action if he has one, it seems to us that the affidavit of plaintiff's counsel, who was familiar with the facts, that the plaintiff had a good cause of action, accompanied, as it was, by the verified amended complaint, in which the necessary allegation is made by the plaintiff, meets all the requirements of this case. The plaintiff, by his amended complaint, states the fact to be that he had not undertaken to enforce the order, relying upon the contract of suretyship made by the defendant, and this constitutes a part of the moving papers on a motion to amend, so that there is no failure on the part of the plaintiff to place the facts before the court.

The order appealed from should be affirmed, without costs of this appeal. All concur.