(117 App. Div. 782)

### MOSSEIN v. EMPIRE STATE SURETY CO.

(Supreme Court, Appellate Division, Second Department. March 1, 1907.)

1. Costs—New Trial.
   Where judgment for plaintiff was reversed, and new trial granted, costs "to abide the event," plaintiff, succeeding on a second trial, is entitled to costs of both trials.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 938, 1010.]

2. Same—Term Fee—Amendment of Complaint:
   The original issue as on the calendar before amendment of the complaint being destroyed by such amendment, plaintiff is not entitled to have taxed any term fee in the trial court prior to such amendment.

Appeal from Special Term, Kings County.

See 89 N. Y. Supp. 843; 98 N. Y. Supp. 144.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

F. J. Moissen, for appellant.
William F. Hagarty, for respondent.

JENKS, J.   When the plaintiff's first judgment was reversed and a new trial was granted, with costs to abide the event, and the plaintiff succeeded upon the second trial, he was entitled to tax the costs of both trials.   The learned counsel for the appellant argues that, in effect, the plaintiff thereby profits by a wrong proceeding.   The point has been urged before and the force of it recognized; e. g., by Freedman, J., in Isaacs v, N. Y. Plaster Works, 4 Abb. N. C. (N. Y.) 7.   But the argument for the rule is that the defendant was not entitled to the costs when he appealed, as he had been defeated, and as a defeated party he demanded a new trial, contending that he was not liable.   He gained the new trial, but he was again defeated, and the plaintiff, who had not been awarded costs absolutely, became entitled to them as the successful party.   On the other hand, the defendant could have saved costs by offer of judgment, but he preferred to litigate, and hence he is charged with the costs of the proceedings finally determined against him.   See opinion of Brady, J., in Howell v. Van Siclen, 8 Hun, 524, affirmed 70 N. Y. 595.   I think that the respondent was entitled to tax the costs.   Howell v. Van Siclen, supra; First Nat. Bank v. Fourth Nat. Bank, 84 N. Y. 469; Belt v. American Central Ins. Co., 33 App. Div. 239, 53 N. Y. Supp. 363; Loring v. Morrison, 25 App. Div. 139, 48 N. Y. Supp. 975; Smith v. Smith, 22 App. Div. 319, 47 N. Y. Supp. 987; Sanders v. Townshend, 63 How. Prac. (N. Y.) 343; Van Wyck v. Baker, 11 Hun, 309; Nichols' Practice, § 2881; Baylies' New Trials & Appeals (2d Ed.) 494.   It is to be noted that the costs were "to abide the event," and not to the appellant to abide the event.

I am of opinion, however, that it was error to tax any term fee in the Trial Term previous to the amendment of the complaint if this was done; for, although by the amendment of the complaint in this case the cause of action was not changed, the original issue as on the calendar before the amendment was destroyed by the amendment of the complaint.   I find no other errors in the taxation prejudicial to the defendant; for, although three items of disbursements of 75 cents, 18 cents, and 50 cents are in excess of the proper amounts, yet the plaintiff was entitled to tax such disbursements as of two trials and not one.

The order should be modified as indicated, and, as thus modified, affirmed, without costs to either party.   All concur.