(65 Misc. Rep. 452.)

### PEOPLE v. CORNELL.

(Supreme Court, Special Term, Onondaga County. December, 1909.)

1. FINES (§ 19*)—REVERSAL OF CONVICTION—RESTITUTION.

There being no statute prescribing the procedure for the restoration of a fine paid by accused, where the conviction has been reversed and a new trial ordered, the procedure in civil cases on reversal may be followed.

[Ed. Note.—For other cases, see Fines, Cent. Dig. § 22; Dec. Dig. § 19.*]

2. FINES (§ 19*)—APPEAL—RESTITUTION.

Defendant was convicted of an offense and paid the fine assessed, and a new trial was ordered by the Appellate Division and the district attorney attempted to appeal to the Court of Appeals, and the regularity of such appeal had not been determined. Held, that restitution of the fine paid by defendant pending the appeal should not be granted.

[Ed. Note.—For other cases, see Fines, Cent. Dig. § 22; Dec. Dig. § 19.*]

Frank M. Cornell was convicted of criminal liability, and paid a fine. Thereafter the conviction was reversed, and he moved for restitution of the fine. Denied.

Frederick G. Spencer, for the motion.
Don A. Colony, Asst. Dist. Atty., opposed.

ROGERS, J. January 24, 1906, the defendant was indicted by the grand jury of Oswego county for a criminal libel. He was there-

after arraigned, pleaded not guilty, and gave bail. The indictment was tried in April following, and the defendant convicted and sentenced to pay a fine of $300. The fine was paid. Nevertheless the defendant took an appeal to the Appellate Division of the Fourth Department, where the judgment of conviction was reversed and a new trial ordered (126 App. Div. 151, 110 N. Y. Supp. 648); the judgment of reversal having been entered in the Oswego county clerk's office, June 22, 1908.

Thereafter, and on the 31st day of December, 1908, the district attorney of Oswego county prepared and delivered to the sheriff of said county a notice of appeal from the order of reversal to the Court of Appeals, with direction to serve the same on the defendant; but it was not served until January 1, 1909. The then district attorney was William B. Baker, whose term of office expired that day, and his successor, Freelon J. Davis, qualified and entered upon the duties of his office on the day such service was made. The defendant returned the notice of appeal "on the ground, and for the reason, that you (said Baker) are not district attorney of Oswego county, your term of office having expired yesterday, and you have no power or authority to appeal said case after the expiration of your said term of office." No return to said notice of appeal has been made to the clerk of the Court of Appeals, though the present district attorney makes an affidavit in opposition to the motion in which he says that it is intended in good faith to perfect said appeal and press the same to final decision, as soon as may be convenient and consistent with the due performance of his other official duties.

This motion is not to dismiss the appeal pursuant to section 533 of the Code of Criminal Procedure; nor for want of a proper return, timely filed, as provided by section 534. Indeed, it is probable that the Special Term would have no jurisdiction to entertain or pass upon such motion if made. This motion, then, to compel the restitution of the $300 fine paid to the sheriff and by him to the county treasurer, must be determined on the assumption that the case is now regularly and properly on appeal to the Court of Appeals.

The same Code provides that, "when a new trial is ordered," it shall proceed in all respects as if no trial had been had (section 544), and that:

"If a judgment against the defendant be reversed, without ordering a new trial, the appellate court must direct, if he be in custody, that he be discharged therefrom, or, if he be admitted to bail, that his bail be exonerated, or, if money be deposited instead of bail, that it be refunded to the defendant." Code Cr. Proc. § 545.

It will be noted that the case at bar does not come within the last section, because a new trial has been ordered. Therefore, the case "shall proceed in all respects as if no trial had been had," which evidently means that the defendant may be held to bail and any other step or steps taken that might be proper to be had at any time between arraignment and trial; but no provision is made for restitution pending that time. As the record now stands, it cannot be foreseen what the determination of the court of last resort may be; nor what may occur on the new trial, if one shall be had.

In case of a reversal of the order of the Appellate Division and the reinstatement of the judgment of the trial court, the original judgment must be carried into execution (Code Cr. Proc. § 546); i. e., the fine paid must remain with the county treasurer, or, if restored before, again collected.

It has been said by the court of last resort that:

"These provisions of the statute are clear and explicit, in no wise contravene the letter or the spirit of the fundamental law, and their meaning should not be perverted. It would be a grievous miscarriage of justice, and the intent of the law would be thwarted if it should be held that a reversal, upon a prisoner's appeal for errors of law upon his trial, had the effect of putting it out of the power of the people to further try him under the indictment. * * * The effect of the defendant's appeal is merely to continue the trial under the indictment in the appellate court; and if reversal of the judgment of conviction follows, that judgment, as well as the record of the former trial, have been annulled and expunged by the judgment of the appellate court, and they are as though they never had been, while the indictment is left to stand as to the crime of which the prisoner had been charged and convicted, as though there had been no trial. Only where the result of the former trial was in effect an acquittal of another crime charged in the indictment may he plead that result in bar of further prosecution for that crime." Per Gray, J., People v. Palmer, 109 N. Y. 419, 17 N. E. 213, 4 Am. St. Rep. 477.

See, also, People v. Wheeler, 79 App. Div. 396, 79 N. Y. Supp. 454. The end therefore is not yet.

What course may be pursued, as to restoration of fine, if the reversal by the appellate court does not amount to an acquittal, but the court orders a new trial, or where there may be a hearing and determination of an appeal to the Court of Appeals, does not appear in any statute or adjudication to which my attention has been called by counsel, or which my own research has discovered. It would seem, however, that the procedure in civil cases may properly be considered in ascertaining what should be done.

The Code of Civil Procedure provides that "where a new trial is granted the court may direct and enforce restitution as where a judgment is reversed upon appeal" (section 1005); and that:

"When a final judgment or order is reversed or modified upon appeal, the appellate court, or the General Term of the same court, as the case may be, may make or compel restitution of property, or of a right, lost by means of the erroneous judgment or order. * * * When property has been sold the court may compel the value, or the purchase price, to be restored, or deposited to abide the event of the action, as justice requires." Section 1323.

Haebler v. Myers, 132 N. Y. 363, 30 N. E. 963, 15 L. R. A. 588, 28 Am. St. Rep. 589; Mossein v. Empire St. Surety Co., 117 App. Div. 782, 102 N. Y. Supp. 1012; Pittsfield Nat. Bank v. Bayne, 140 N. Y. 321, 35 N. E. 630; People v. Livingstone, 80 N. Y. 66, 69.

The fact that on the new trial another like judgment may be secured, or that on an appeal to a higher court the original judgment may be reinstated, seems to have furnished a ground to refuse restitution, the judgment so reversed not having finally determined the rights of the parties.

"A judgment by the Court of Appeals ordering a new trial is not a final judgment in the cause. * * * Where the Appellate Court directs a new trial, restitution will not be directed unless the remittitur contains such direc-

tion or the judgment is reversed for such reasons as would preclude the plaintiff from succeeding in such new trial." Young v. Brush, 18 Abb. Prac. 171.

As said by Judge Folger in People v. Livingstone, supra:

"There have been cases in which it has been held inexpedient to award restitution; they were cases in which a judgment had been reversed and a new trial ordered."

The sureties on the undertaking given on appeal from the original judgment are not discharged by a reversal, if the first judgment is finally sustained in the Court of Appeals. Foo Long v. American Surety Co., 146 N. Y. 251, 40 N. E. 730. A levy on personal property remains after the appeal and giving an undertaking affecting a stay of execution, unless the court makes an order suspending the lien pending the appeal. Code Civ. Proc. § 1311.

Restitution will not be made of money collected on execution prior to the giving of an undertaking upon appeal. Klinker v. Third Ave. R. R. Co., 33 App. Div. 556, 53 N. Y. Supp. 1012. Nor does the appeal remove or affect a lien. Cook v. Dickerson, 1 Duer, 679. Thus it will be seen that in civil cases, except for some special order, the appeal with a proper undertaking merely operates to stay proceedings on the judgment in their then condition and until the appeal is determined. Even where an order directing restitution is made or denied, the exercise of the power by the court is discretionary. Merriam v. Wood & Parker Lith. Co., 155 N. Y. 136, 144, 49 N. E. 685. In the case at bar, as already remarked, the order of the Appellate Division may be reversed, and the original judgment affirmed. The people then would have a right to the $300 that has been paid.

If, however, the Court of Appeals shall finally determine that the defendant ought not to have been and cannot be convicted, then restitution may be had pursuant to section 554 of the Code of Criminal Procedure. It seems to me the defendant must wait. The delay may work hardship, but the practice provides methods by which the people's procedure, if dilatory, may be hastened (section 534), so that the end now sought, if the defendant is right, can be obtained speedily.

In the administration of the criminal law, hardships are imposed often by reason of erroneous judgments. A man may be convicted and serve a considerable portion of or full time as a prisoner, or he may be indicted and compelled to incur great expense in establishing his innocence, and yet, when it is at last adjudged that he ought not to have been indicted or convicted, there is no redress for the wrongful prosecution, except that which comes from a vindication.

After considerable research and a careful examination of the authorities that have been presented to me by the respective counsel, I do not see my way clear to order a restitution of the fine paid.

The motion is denied.