BLUE RIDGE COAL CORPORATION and Another, Respondents, *v.* GENEVIEVE MAY LEWIS, Defendant, Impleaded with ROYAL INDEMNITY COMPANY, Appellant.

First Department, July 2, 1924.

**Attachment — action on undertaking given by claimant — defense is sufficient that sheriff's jury found title in claimant and that bond by claimant was without consideration, since sheriff did not exact bond from attaching creditor — defense that action of sheriff's jury is conclusive is insufficient — summary judgment for plaintiff reversed.**

In an action on an undertaking given by a claimant to property attached, it is a good defense, if proven, that the sheriff's jury determined that the title to the property in question was in the claimant and that the bond in question, given on demand by the sheriff, is without consideration, since the sheriff did not receive a bond from the attaching creditor as required by the Civil Practice Act.

The defense that the finding of the sheriff's jury is conclusive on the parties to this litigation is insufficient in law.

The defense of failure of consideration being a good defense in law, it was error for the court to grant summary judgment to the plaintiff.

APPEAL by the defendant, Royal Indemnity Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 22d day of October, 1923, pursuant to an order entered in said clerk's office on the 18th day of October, 1923, granting plaintiff's motion for summary judgment.

*Frank J. O'Neill* [*Barnett Cohen* of counsel], for the appellant.

*Goldstein & Goldstein* [*Jonah J. Goldstein* of counsel; *Aiken A. Pope* with him on the brief], for the respondents.

MARTIN, J.:

The complaint alleges that the plaintiff Blue Ridge Coal Corporation, on or about the 28th day of December, 1922, commenced an action in the Supreme Court, New York county, against George L. Lewis; that in said action the plaintiff applied for and obtained a warrant of attachment against his property; that the sheriff of the county of New York, under that warrant, attached " certain property consisting of cash in the possession of the Guaranty Trust Company amounting to $2,443.41."

It is then alleged that Genevieve May Lewis claimed title to a part of the moneys attached, and " thereafter, pursuant to the provisions of the Civil Practice Act of the State of New York pertaining to the discharge of moneys attached and claimed by a third party," Genevieve May Lewis " applied for a discharge of the said warrant of attachment as to the aforesaid property attached upon the filing of an undertaking as provided by the statute, and said application was duly granted."

Plaintiff then alleged that " Genevieve May Lewis, pursuant to the order of this court and pursuant to the statute in such case made and provided, duly gave to the said sheriff of the county of New York an undertaking in the sum of $3,383.90 of the Royal Indemnity Company, Ltd., one of the defendants herein, duly executed, dated and acknowledged on said 10th day of April, 1923, conditioned to the effect and thereby jointly and severally undertook that in any action or proceeding to be brought on said undertaking, the aforesaid claimant, Genevieve May Lewis, would establish that she was the owner of the aforesaid property at the time of the aforesaid levy under the aforementioned warrant of attachment, and that in case of her failure so to do, would pay to the said sheriff of the county of New York, his successor or successors, his or their assigns, the full value of the property so claimed, with interest from the date thereof, together with the costs of such action or proceeding."

This the defendant denied, except it was admitted that " on or about the 10th day of April, 1923, Genevieve May Lewis gave to the sheriff of the county of New York an undertaking in the sum of $3,393.90, executed by this defendant, duly executed, dated and acknowledged on that day."

It is next alleged by plaintiffs that the undertaking of this defendant was duly approved by a justice of the Supreme Court, after which the warrant of attachment was discharged as to said property and Genevieve May Lewis received $1,691.95 from the sheriff.

The first separate and complete defense is in substance that upon the determination of the sheriff's jury that title to the fund

in question was in Genevieve May Lewis, she thereupon became entitled to the fund absolutely and without conditions unless, in the original action, the plaintiffs gave to and filed with the sheriff of the county of New York a bond provided for by statute; that the plaintiffs did not file any bond and, for that reason, " the exaction by the sheriff of the bond, upon which this action is brought, as the condition of the surrender of the moneys, was and is illegal and void, and of no force and effect by reason of the premises herein contained, and by virtue of the fact that there was no consideration to support it."

The second defense is to the effect that the finding of the sheriff's jury that Genevieve May Lewis was the owner of the amount she claimed " is binding upon the plaintiffs herein " unless it be established in this action that she was not the owner of the aforesaid property at the time of the aforementioned levy.

The Civil Practice Act (§ 924 *et seq.*) provides that when a claimant asserts ownership of a fund attached and the question of title is submitted to a sheriff's jury, on a finding by that jury that claimant is entitled to the fund or any part thereof the claimant shall be entitled thereto unless the attaching party files a bond to indemnify the sheriff against loss, in which event the sheriff may require claimant to give a bond to indemnify him against loss. The defense indicates that the sheriff without any authority required a bond, although he failed to secure a bond from the attaching creditor as required by the Civil Practice Act; and that the claimant was entitled to her property under the circumstances without filing a bond. According to the statement of the defense, there was, therefore, no consideration for the bond.

The failure of consideration is a good defense. (*Mossein* v. *Empire State Surety Co.*, 97 App. Div. 230.)

The defense that the finding of the sheriff's jury is conclusive on the parties is insufficient in law. (*Minor* v. *Gurley*, 81 App. Div. 586.)

There being no consideration for the bond, the defense if sustained by proof constitutes a good defense to the action.

The judgment and order should be reversed, with costs, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.