Hebbebt D. Hamm, J.
In October, 1955, Actions Nos. 1 and 2 were tried pursuant to prior order as a formally consolidated action. The trial resulted in a judgment in favor of all the defendants. The Appellate Division thereafter reversed and directed a new trial “ with costs to abide the event ” (Robinson v. Terminal Frgt. Transp., 2 A D 2d 510). Actions Nos. 1 and 2 were again tried as a consolidated action in April and May, 1958, and Action No. 3 was tried jointly with the consolidated action. The defendants Terminal Freight Transport, Inc., Korba Trucking, Inc., Alfred Acquaire and Edward William Palk were united in interest and will be referred to hereafter as the truckers. The plaintiff Patricia Robinson (Whittaker) recovered a judgment against the truckers in the consolidated action but not against the defendant Edward Gay, in whose favor the jury returned a verdict of no cause of action. As to Robert E. Lund, the coplaintiff in the consolidated action, judgment was entered in favor of all the defendants on a verdict of no cause of action in their favor. The plaintiff Patricia Robinson has entered judgment against the truckers and the truckers move for retaxation of costs.
The defendant truckers raise two issues as to costs and a further issue as to disbursements. As to costs none of the individual items is questioned. But it is first contended that the plaintiff Patricia Robinson is not entitled to tax any costs whatever. No authority has been submitted in support of this contention. Where plaintiffs are joined in one action the successful plaintiff is of course entitled to costs (Boldin v. Smith, 161 Misc. 696; Girou v. Metropolitan Distrs., 181 Misc. 345; Piels v. Tron, 187 Misc. 547; see, also, Salimof & Co. v. Standard Oil Co., 259 N. Y. 219; 23 Carmody-Wait, New York Practice, § 102, p. 128).
The defendants’ second objection as to costs relates to the direction for a new trial “ with costs to abide the event ”. The defendants maintain that, as the plaintiff Patricia was successful but Lund was unsuccessful, the eventuation of the event was such that, even if entitled to costs, the plaintiff Patricia is entitled to no costs prior to appeal. It is to be noted that the costs were “ to abide the event ” and not to the appellant to abide the event. In such case the plaintiff successful upon the second trial is entitled to tax the costs of both trials (Mossein v. Empire State Sur. Co., 117 App. Div. 782, appeal dismissed 190 N. Y. 519). It is not material that the party seeking to tax costs was *1087 unsuccessful on the first trial. In First Nat. Bank v. Fourth Nat. Bank (77 N. Y. 320), a judgment in favbr of the plaintiff, which had been affirmed by the General Term, was reversed on appeal to the Court of Appeals, “ costs to abide event”. A new trial was had and the plaintiff was again successful. The clerk allowed and taxed the costs of the appeal to the Court of Appeals. These appeal costs were the only issue before the court but, in holding that the plaintiff should be allowed to tax the costs of the appeal, Judge Andrews stated (First Nat. Bank of Meadville v. Fourth Nat. Bank of N. Y., 84 N. Y. 469, 470): “ It is conceded that the plaintiff is entitled to tax the costs of both trials. This is the undoubted practice, although the first judgment in his favor was erroneous.” In Franey v. Smith (126 N. Y. 658) a judgment against the defendants had been affirmed at the General Term but reversed in the Court of Appeals and a new trial granted, with costs to abide the event. On the new trial the defendants succeeded and the complaint was dismissed. The defendants, unsuccessful on the first trial, claimed costs in all stages of the action, that is, for the first trial, both appeals and the retrial on which the complaint was dismissed. The Court of Appeals agreed with the defendants.
Finally as to disbursements there is an issue as to the following items:
Clerk’s fee, filing note of issue.......... $ 1.00
Serving summons and complaint (4)...... 11.50
Transcript ............................ 485.00
For printing case....................... 899.25
For printing points..................... 35.00
Witnesses’ fees ........................ 2.00.
It is contended that the plaintiff Patricia is entitled to one half only of the cost of the transcript and of printing the case and points and of witnesses’ fees. Only one combined record on appeal and only one combined brief for the plaintiffs Patricia Eobinson and Lund were printed and only one transcript of the minutes was obtained by their attorney. The parties have agreed that, excluding from the reporter’s minutes and from the record and from the brief all matters relating to Lund’s damages and all other matters not essential to Patricia Eobinson’s appeal, the amounts incurred on behalf of the plaintiff Patricia were as follows:
Transcript ............................ $373.00
For printing case....................... 668.25
For printing points..................... 28.00.
*1088 It is to be noted that in Mossein v. Empire State Sur. Co. (117 App. Div. 782, 783", supra) it was pointed out that the plaintiff was entitled to tax disbursements “as of two trials and not one.” Section 1538 of the Civil Practice Act allows disbursements necessarily incurred and reasonable in amount. It appears that $373 (transcript), $668.25 (case) and $28 (points) were both reasonable and necessary for the prosecution of the plaintiff Patricia Robinson’s appeal and hence may be allowed. Disbursements are allowed also for filing the note of issue, for serving four summonses and complaints and for witnesses’ fees of $2.
Submit order to Troy on three days’ notice directing retaxation in accordance with the foregoing. The motion papers will be forwarded with the signed order.