Judgment modified so far as interest items are concerned, as indicated in the opinion, and as modified affirmed, with costs to the plaintiff.

---

In the Matter of the Judicial Settlement of the Account of Proceedings of ELIZA J. ARKENBURGH, as Executrix, and OLIVER M. ARKENBURGH, as Executor, etc., of ROBERT H. ARKENBURGH, Deceased.   No. 1.

OLIVER M. ARKENBURGH, Individually and as Executor, etc., of ROBERT H. ARKENBURGH, Deceased, Appellant; ELIZA J. WIGGINS and Others, Respondents.

*Undertaking required to perfect an appeal by legatees from a surrogate's decree and to stay its enforcement.*

Upon an appeal from a decree of a Surrogate's Court, by a person other than an executor, administrator, trustee, guardian or other person, appointed by the Surrogate's Court, the only undertaking required to perfect the appeal and to stay the enforcement of the decree is one for $250, required by section 2577 of the Code of Civil Procedure.

Section 2580 of the Code of Civil Procedure only applies to appeals by executors, administrators, trustees, guardians or other persons, appointed by the Surrogate's Court.

APPEAL by Oliver M. Arkenburgh, individually and as executor, etc., of Robert H. Arkenburgh, deceased, from so much of an order of the Surrogate's Court of the county of Rockland, bearing date the 21st day of August, 1896, and entered in said Surrogate's Court, as denies his motion for a distribution of the moneys under a decree entered in this proceeding on the 30th day of December, 1895, and refuses to fix the proper undertaking on appeal from said decree preventing any such distribution.

*Robert F. Little*, for the appellant.

*John Larkin*, for the respondents.

Order affirmed, with ten dollars costs, upon the opinion of the surrogate.

All concurred.

The following is the opinion of the surrogate:

TOMPKINS, S.:

On the 12th day of December, 1895, a decree was made settling the account of Eliza J. Arkenburgh, as executrix, and Oliver M. Arkenburgh, as executor, of the will of R. H. Arkenburgh, deceased.

Under the decree the executor is entitled to receive upwards of $16,000; in all the sum of about $57,000 is directed to be distributed.

An appeal has been taken by two of the legatees, the executor and other legatees not appealing. An undertaking for $250 to perfect the appeal under section 2577 has been given.

A motion is now made by the executor for distribution under the decree unless a proper undertaking is given to stay the execution and enforcement of the decree.

The question is: "Does the undertaking already given effect a stay?"

Section 2577 of the Code provides for the undertaking which has been given and which is necessary to render the appeal effectual.

The only other undertaking provided for on an appeal from a decree of the Surrogate's Court is in cases of appeals by executors, administrators, trustees, guardians or other persons appointed by the Surrogate's Court. Then to stay the enforcement of the decree there must be an additional undertaking.

Counsel for the executor and the motion insists that section 2580 gives the surrogate discretion to require an additional undertaking and fix the amount thereof; these are the words relied upon: "In every other case, it (the amount) must be fixed by the surrogate, or by a judge of the appellate court, who may require proof," etc.

These words, however, clearly refer to undertakings required of executors, administrators, etc., and not to any other appellant.

The case of *Steinback* v. *Diepenbrock* (5 App. Div. 208), cited in support of the motion, is not applicable; there the appeal was from a judgment of the Supreme Court.

There is authority for requiring an undertaking to indemnify a respondent against loss and damage, in such a case, that is not found in the provisions in reference to appeals from Surrogate's Courts.

My conclusion is that unless the appeal is by the executor, administrator, etc., no undertaking can be required except the one for $250 required by section 2577, and that the giving of that undertaking on this appeal perfects the appeal, and hence under section 2584 operates as a stay of proceedings to enforce the decree.

Motion denied, with ten dollars costs.