In the Matter of the Petition of MARIE EUGENIE ELY FALLON, as Life Beneficiary of the Trust Created in and by the Last Will and Testament of EUGENIE C. ELY, Deceased, of the Village of Clyde, County of Wayne, New York, and Mother of WILHELMINA PATRICIA ELY FALLON and EUGENIE CAROLYN ELY FALLON, Infant Remaindermen Thereof, for an Interpretation and Construction of Article First of the Last Will and Testament of said EUGENIE C. ELY, Deceased, Pursuant to Section 145 of the Surrogate's Court Act.*

In the Matter of the Petition of MARIE EUGENIE ELY FALLON, as Guardian of WILHELMINA PATRICIA ELY FALLON and EUGENIE CAROLYN ELY FALLON, Infants, for Leave to Draw and Apply Money for Maintenance and Education of Said Infants.

SECURITY TRUST COMPANY OF ROCHESTER and GEORGE S. ALLEN, as Executors of and Trustees under the Last Will and Testament of EUGENIE C. ELY, Deceased, Appellants; MARIE EUGENIE ELY FALLON, as Life Beneficiary, etc., and MARIE EUGENIE ELY FALLON, as Guardian of the Person and Property of WILHELMINA PATRICIA ELY FALLON and Another, Infants, etc., Respondents.

Fourth Department, November 6, 1936.

* Revg. 157 Misc. 578.

*Charles P. Williams*, for Security Trust Company of Rochester and George S. Allen, as executors-trustees, etc., appellants.

*Erwin Bruce Hallett*, for the petitioners, respondents.

*Charles T. Ennis*, special guardian.

THOMPSON J. Testatrix provided in her will that her whole estate should go to her executors in trust for the following purposes:

" 1. I direct that my just debts and funeral expenses be paid.

" 2. Subject to the directions hereinafter given, I direct that my property and estate be invested and re-invested and the net income therefrom be paid to my daughter Marie Eugenie Ely Fallon, or used for her benefit, for and during her natural life.

" 3. For and during the lifetime of my said daughter, Marie Eugenie Ely Fallon, or so long as she wishes to use the same, I direct that my residence in Clyde, N. Y. and its contents and furnishings, including automobiles, be kept intact and that my said daughter be permitted to use, occupy and enjoy the same as a home.

" 4. Upon the death of my said daughter, and subject to the directions hereinafter contained, I direct that all my said property and estate be divided into two equal parts or shares and I give one of such shares to my granddaughter, Wilhelmina Patricia Ely Fallon and I give the other of such shares to my granddaughter, Eugenie Carolyn Ely Fallon. I direct, however, that the principal of each of such shares be held and retained by my Trustee until the granddaughter entitled thereto shall attain the age of thirty years, when the principal thereof shall be paid over to her."

She left her surviving her daughter, Marie Eugenie Ely Fallon, and two granddaughters, Wilhelmina Patricia Ely Fallon and Eugenie Carolyn Ely Fallon, children of the above-named daughter. Since the death of testatrix the daughter and granddaughters have continued to reside in the former residence of testatrix.

The life tenant has obtained a decree from the Surrogate's Court, requiring the executors to make substantial and extensive repairs to the dwelling house of decedent, in which testatrix's daughter and granddaughters are now residing, and to pay the cost thereof out of the principal of decedent's estate. Authority for this decree must come from the will. The provision relied on by the respondents is found in subdivision 3, above quoted.

The general rule is that as between the life tenant and the remainderman, the former is required to pay the carrying charges unless a contrary intention appears. (*Matter of Chapal*, 245 App. Div. 818.)

The clear meaning of the will is that the daughter is to have the beneficial use for life, or at will, of decedent's residence, contents and furnishings, including automobiles, and that the trustees are not to sell or dispose of them but are to keep them intact for the daughter's use and enjoyment so long as she shall continue to occupy the residence as a home. There is no specific direction to make repairs, pay taxes or any of the usual charges attendant upon the upkeep of residence property; nor by any construction can it be said that the will requires or authorizes the trustees to take moneys from the principal of the estate for such purposes. To justify such action on the part of the trustees, the will must contain clear and explicit language showing that the testatrix intended that very thing.

" The general rule is that the capital of a trust fund should not be impaired by carrying charges unless the intent of the donor may clearly be inferred." (*Matter of Jackson*, 258 N. Y. 281, 288.)

The rule is not different because the title of the property rests in the trustees. It is the provisions of the will which control.

In *Matter of Albertson* (113 N. Y. 434) the controversy, as here, was between trustees who held title to real estate devised by a will, and the life beneficiary. In that case the court said: " To change the general rule that, as between the life tenant and the remainderman, the former is bound to pay the taxes imposed, and the interest accruing upon a mortgage, a very clear expression of such an intention on the part of the testator must be found in his will. The usual purpose of the testator in providing for a beneficial interest in a trust estate is that the net income shall be applicable only, and that the *corpus*, or capital, of the trust estate shall remain intact until the trust shall have determined. The principle has been so long and firmly established that interest on mortgages, taxes, repairs and all those current expenses, which are fairly incidental to the maintenance of the realty used by a life tenant, are payable by him, that it should be adhered to upon all occasions, unless, in so doing, we violate a plain direction to the contrary; which, if not found in the will in so many words, yet is the only one which a fair and reasonable construction permits of our finding."

There is no doubt or ambiguity in the provisions of this will which require or admit of the consideration of facts or circumstances outside of the will itself. Effect must be given to it as it stands.

The decree should be reversed on the law, without costs; and in all respects, except as it asks for an interpretation of the will, the petition should be denied, without costs; and the matter should be remitted to the Surrogate's Court with directions to enter a decree construing the will in accordance with the opinion.

All concur. Present — SEARS, P. J. TAYLOR. THOMPSON, CROSBY and LEWIS, JJ.

Decree reversed on the law, without costs; and in all respects, except as it asks for an interpretation of the will, petition denied, without costs; and matter remitted to the Surrogate's Court with directions to enter a decree construing the will in accordance with the opinion.