In the Matter of the Estate of EDWARD H. MILLER, Deceased.
Surrogate's Court, Kings County, May 16, 1938.

*David Harrison*, for Milton Miller and David Harrison, temporary administrators, petitioners.

*Stanley Osserman* [*Theodore F. Tonkonogy* of counsel], for Claire Miller, legatee.

WINGATE, S.  The present application, in effect, is one for instructions.  The previous history of the case was reviewed at some length in a previous decision of this court (*Matter of Miller*, 162 Misc. 563; affd., 252 App. Div. 872).  Pending the determination of the validity of the alleged will, the present petitioners were appointed temporary administrators of the estate.  By reason of a determination by a three to two majority of the Appellate Division that a daughter of the decedent had disentitled herself to contest the validity of the propounded document, a decree has been entered admitting it to probate.  The daughter has appealed from this decree and has given notice of intention to bring up for review the intermediate orders which had the effect of depriving her of her day in court.

The effect of the perfecting of this appeal is to accomplish an automatic stay of proceedings except " where, in the opinion of

the surrogate manifested by an order, the preservation of the estate requires that letters should issue " (Surr. Ct. Act, § 87). (*Matter of Arkenburgh*, 11 App. Div. 44, 46; *Matter of Leland*, 175 id. 58, 61.) In the present instance no such order has been made, and none could properly issue, since the existence in office of duly appointed temporary administrators, who have qualified by filing a bond in the sum of $75,000, renders it obvious that no necessity exists, so far as asset preservation is concerned, for the issuance of letters testamentary. Such letters may, accordingly, not issue, and the temporary administrators will continue to function until the probate question is finally determined.

The petitioners request authority to pay from the funds in their hands as temporary administrators two fire and theft insurance premiums aggregating twenty-seven dollars and forty-five cents, upon an automobile belonging to the decedent and a premium of five dollars and twenty-five cents on a policy of fire insurance covering like household furniture.

The principle has been noted times without number that the primary duty of temporary administrators is to secure and safeguard the assets of the estate during the period prior to the issuance of letters to a permanent representative. (*Matter of Levine*, 157 Misc. 454, 457; 158 id. 116, 118; *Matter of Herle*, 165 id. 46, 52, and authorities cited in these decisions.) They will, obviously, be accorded the authority requisite for the performance of the obligations thus imposed upon them. Not only is the placing of reasonable insurance upon estate property in their hands a proper act, but they would be subject to censure if they neglected to do so and would probably be compelled to respond in damages if loss eventuated in consequence of their failure in this regard. The proper allocation of the expense involved is not a presently pertinent question. The application for such authorization will be granted.

The final request seeks authorization for sale of this same automobile which is admittedly deteriorating in value. If the will shall ultimately be determined to be valid, it will pass as a specific gift to a named legatee. If probate be denied, it will devolve to the statutory distributees in intestacy. The legatee and the children of the deceased have joined in an acknowledged consent that such sale take place. It will accordingly be authorized with a direction that the proceeds be earmarked and retained until the probate issue is settled.

The opposition which has been interposed to the present motion borders on the vexatious, for which reason costs of the application will be awarded against the opposing party in the discretion of the court.

Enter order on notice in conformity herewith.