In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee Under the Will of LEWIS LUCKENBACH, Deceased.

Surrogate's Court, Kings County, June 14, 1943.

*Joseph V. McKee* and *William T. Griffin* for Andrea L. Dobbs, petitioner, respondent.

*John P. McGrath* and *Edwin M. Bourke* for Frank J. Taylor, as successor trustee, petitioner, respondent.

*Joseph W. Drake, John A. Wilson* and *Robert H. Parker* for Lewis Luckenbach and others, respondents.

*William R. Conklin* and *Robert W. Owens, Jr.,* for William R. Conklin, as general guardian of Edgar F. Luckenbach, Jr.

*Edward A. Vosseler* and *Franklin F. Russell* for Franklin F. Russell, as special guardian for Edgar F. Luckenbach, Jr.

*David G. Ashton* for Roscoe H. Hupper, as executor of Edgar F. Luckenbach, deceased.

McGarey, S. While this court had under consideration a motion to reject the referee's report on the issues raised in the contested compulsory accounting of the sole acting trustee and income beneficiary of the trust created by the decedent's will, such trustee and income beneficiary died, thereby terminating the trust. The court was, therefore, unable to render its decision pending the probate of the deceased trustee's will. The will has now been admitted to probate and the executor of that estate has been made, by order, a party to the accounting.

The application for the compulsory accounting was instituted in 1938 and it was granted over the objection of the deceased trustee. Upon the filing of the account, objections were taken to it by representatives of all the remaindermen. Hearings were concluded in July, 1940, and the referee's report thereon was filed in December, 1941. Thereafter a motion was made to reject the report, which came on to be heard in March, 1942. Decision thereon was held in abeyance pending efforts of the parties to reach an amicable adjustment, because of the extensive interests involved and to avoid further expense and litigation. These efforts proved ineffective and in April, 1943, the parties stated that the issues had to be submitted to the court for decision. While the court was waiting to receive the final briefs of the parties, the trustee died.

The deceased trustee held in his own name practically the entire stock of several corporations, which conducted a steamship transportation business. It is the claim of the objectants to the accounting that this business is the property of the trust estate, whereas the deceased trustee's estate claims it to be the property of that estate and that the trust estate is entitled only to a fractional interest in the physical and floating equipment.

It is apparent from the record before the referee and his report that the trustee commingled his assets with the trust assets and, therefore, his estate is or may be accountable to the trust estate by reason thereof.

The remaindermen of the trust are the deceased trustee's three children. Their interests under his will and as remaindermen are different. Each receives one third of the remainder of the trust under decedent's will, whereas under the will of the deceased trustee, one gets a general legacy of $5,000, another gets one third of the residue of his estate, and the third receives two thirds of the residue of his estate. The interests of the deceased trustee's estate and the trust estate are adverse and it may be necessary for the trust estate to recover from the deceased trustee's estate the surcharge recommended by the referee and possibly considerably more, depending on the determination of the motion to reject the referee's report. Both estates are substantial.

The court, on the application of two of the remaindermen, appointed a successor trustee. An appeal from the decree so directing had been taken by the guardian of the third remainderman, who receives two thirds of the residue under the will of the deceased trustee and only one third of the remainder of

the trust estate, as well as by the executor of the deceased trustee. Letters of trusteeship have not been issued because of the appeals.

An application has been made by one of the remaindermen of the trust estate to bring in the successor trustee as an additional party to the accounting proceeding, and a separate application has been made by the successor trustee, supported by two of the three remaindermen, for an order directing the issuance of letters of trusteeship to the successor trustee and determining that the trustee is not stayed from acting thereunder by the filing of a notice of appeal from the decree appointing such successor trustee, together with an undertaking for costs; or that limited letters be issued to such successor trustee pursuant to the provisions of sections 87 and 90 of the Surrogate's Court Act, or for such other and further relief as to the court may seem proper to preserve the trust estate and protect the rights of the remaindermen therein.

The court believes that it is essential that a prompt decision be made on the pending application for the rejection of the referee's report, to which the successor trustee is a necessary and proper party. If letters of trusteeship cannot be issued pending the appeal from the decree granting the same, then the decision on the motion to reject the referee's report must be withheld until the determination of that appeal.

An appeal does not stay the execution of a decree or judgment in the absence of statutory provision directing a stay. Sections 87, 90, and 298 to 304 inclusive, of the Surrogate's Court Act govern the stay of the execution of the decree pending the filing of an appeal in the Surrogate's Court.

Section 87 applies to four classes of cases and it provides that:

(1) An appeal from a decree or order directing the commitment of a fiduciary or other party is not stayed unless the undertaking required by section 300 is filed;

(2) An appeal from a decree admitting a will to probate, or granting letters testamentary or letters of administration, does not stay the issuance of letters where, in the opinion of the Surrogate manifested by an order, the preservation of the estate requires that letters should issue;

(3) An appeal from a decree revoking letters testamentary or of administration or of guardianship, or suspending an executor, administrator or guardian, or removing or suspending a testamentary trustee, or appointing a temporary administrator, or an appraiser, does not stay the execution of the decree or order appealed from.

None of the first three classifications directly apply to an appeal from an order directing the issuance of letters of trusteeship, whether they be original letters or letters of a successor or substituted trusteeship.

The fourth and final classification of section 87 provides that, except as otherwise prescribed in the Surrogate's Court Act, a perfected appeal has the same effect as a stay of the proceedings to enforce the decree or order appealed from as a perfected appeal from a judgment.

Section 298 of the Surrogate's Court Act provides that, except in a case specified in section 299, or where it is specially prescribed that security is not necessary to perfect an appeal, a notice of appeal cannot be effectual for any purpose unless an undertaking is filed to the effect that the appellant will pay all damages and costs that may be awarded against him on appeal, not to exceed $250. Such undertaking has been filed in this proceeding.

Sections 299 to 304 of the Surrogate's Court Act do not apply to a decree appointing a successor trustee. Section 299 applies to a decree directing the payment or distribution of money, or the deposit thereof, or the delivery of property; section 300 applies to a decree directing the commitment of a fiduciary or other party; section 301 prescribes the amount of the additional undertaking required to be given under sections 299 and 300; section 303 provides for a deposit in lieu of an undertaking; section 304 provides for the filing of an undertaking; and section 302 permits waiver of security, and no such waiver has been filed in this instance.

It is therefore apparent that, following the strict wording of the foregoing statutes, there is no provision for an automatic stay of the decree directing the issuance of letters of trusteeship.

It is probable that the failure to include an appeal from an order directing the issuance of letters of trusteeship within the provisions of the second paragraph of section 87 of the Surrogate's Court Act is an oversight, because when that section was originally enacted there was no provision for the issuance of letters of trusteeship and such provision was not contained in the Surrogate's Court Act until 1928. When such provision was inserted in the Surrogate's Court Act in 1928 (L. 1928, ch. 702), section 90 was amended to provide that where letters testamentary or of administration or of trusteeship have been issued in accordance with the order of the Surrogate as authorized in section 87, such letters confer upon the 'person named therein all the powers and authority, and subject him to all the duties

and liabilities of an executor, administrator or testamentary trustee in an ordinary case, except the power to sell real property, or to pay or satisfy a legacy, or to distribute the unbequeathed property of a decedent until the final determination of the appeal, and that in case such letters shall have been issued before such appeal, the executor, administrator, or testamentary trustee, on a like order of the Surrogate, may exercise the powers and authorities, subject to the duties, liabilities and exceptions so provided.

It was apparently the legislative intent that an appeal from an order granting letters of trusteeship should have the same effect as an appeal admitting a will to probate, or granting letters testamentary, or of administration, but no corresponding amendment was made to section 87 of the Surrogate's Court Act.

Since the decree appealed from is not within the exceptions as contained in sections 87, 299 and 300 of the Surrogate's Court Act, the final classification of section 87 becomes applicable and reference must be made to the provisions of the Civil Practice Act. (*Matter of Behncke,* 172 Misc. 862; *Matter of Wex,* 176 Misc. 365, affd. 262 App. Div. 731.)

Section 614 of the Civil Practice Act provides that security is not required to perfect an appeal, but except as otherwise specially prescribed by law, the appeal does not stay the execution of the judgment or order appealed from, unless the court or a justice thereof makes an order directing such a stay.

It therefore follows that the giving of a cost bond does not of itself effect a stay of the execution of a decree appointing a successor trustee or directing the issuance of letters of trusteeship in the absence of an order for such stay. (*Matter of Behncke, supra; Matter of Wex, supra.*)

In the *Behncke* case, the court held that the filing of an undertaking for costs does not stay execution in the absence of an order directing such stay under section 614 of the Civil Practice Act, or the giving of the security required to perfect an appeal to the Court of Appeals from a judgment of the same amount under section 615 of the Civil Practice Act. No order directing such stay has been made or applied for in this proceeding and no security can be given such as is required to perfect an appeal to the Court of Appeals from a judgment of the same amount.

In *Carter* v. *Hodge* (150 N. Y. 532) the Court of Appeals held that the taking of an appeal from an order denying a motion for a new trial did not effect a stay *ipso facto* and that such proceedings could only be stayed by an order of the court directing such stay, referring to section 1351 of the Code of Civil Pro-

cedure, which is substantially the same as the present section 614 of the Civil Practice Act. In *Mossein* v. *Empire State Surety Co.* (97 App. Div. 230) the court held that the giving of an undertaking did not, without an order of the court, operate as a stay of proceedings under an order directing restitution, without a further order of the court under sections 614 and 615 of the Civil Practice Act.

The cases cited by appellants in support of a contrary interpretation are readily distinguishable and are held not to be applicable herein.

*Matter of Miller* (167 Misc. 721) involved an appeal from a decree granting probate. The court held, on the authority of *Matter of Arkenburgh* (11 App. Div. 44, 46), *Matter of Leland* (175 App. Div. 58, 61), and section 87 of the Surrogate's Court Act, that the perfecting of the appeal from said decree accomplished a stay of the proceedings in the absence of an opinion of the Surrogate manifested by an order under the provisions of the second paragraph of section 87, that the preservation of the estate required that such letters issue. The court found that no such order had been made.

The *Leland* case is, in principle, the same as the *Miller* case, as the decree involved therein brought the appeal therefrom within the exceptions contained in the second paragraph of section 87. The court recognized that a special order could have been made directing the issuance of limited letters under sections 2557 and 2560 of the Code of Civil Procedure, now sections 87 and 90 of the Surrogate's Court Act, respectively, but felt that the circumstances in the case, which indicated that the executor was incompetent to serve, warranted instead the appointment of a temporary administrator and accordingly denied the issuance of limited letters testamentary pending appeal. It also held that since there was no executor willing and qualified to act, an administrator *c. t. a.* should be appointed.

The *Arkenburgh* case involved an appeal by two legatees from a decree of the Surrogate of Rockland County directing a distribution and the only question therein was whether the appellants, in order to effect a stay of its execution, were required to post, in addition to the undertaking for costs pursuant to section 2577 of the Code of Civil Procedure, later section 2759 of said Code and now section 298 of the Surrogate's Court Act, an additional undertaking pursuant to the provisions of section 2580 of the said Code which gave the Surrogate discretion in all cases, other than otherwise specifically provided for, to require additional security in an amount to be fixed by him. The court held, under the authority of former section 2578 of the Code,

now section 299 of the Surrogate's Court Act, that a cost bond was sufficient to perfect the appeal from a decree directing distribution and stay its execution where the appeal was taken by any person other than an executor, administrator, trustee, guardian or other person appointed by the court. The force and effect of the *Arkenburgh* decision has been eliminated by the amendment in 1942 of section 299 of the Surrogate's Court Act (L. 1942, ch. 794), which requires the giving of an additional undertaking on an appeal *by any person interested* from a decree directing the payment or distribution of money, or the deposit thereof, or the delivery of property. Accordingly, the decision in that case is not authority against movants' position that in the instant case, under the recent decisions interpreting the final paragraph of section 87 of the Surrogate's Court Act, there can be no stay without an order to that effect.

The court, therefore, grants the motion to bring in the successor trustee as a party to the present accounting proceeding, and decides that (1) the filing of the notice of appeal and the undertaking for costs does not stay the issuance of letters of trusteeship to the successor trustee; (2) the preservation of the estate requires that letters of trusteeship should issue; and (3) the issuance of letters of trusteeship to the successor trustee should not be stayed during the determination of the appeal from the order so directing, but the letters of trusteeship should be limited as provided by section 90 of the Surrogate's Court Act.

Proceed accordingly.