In the Matter of the Will of MARCUS BRUCKHEIMER, Deceased. MORRIS METZ, as Executor and Trustee, et al., Respondents; RUTH B. OPPENHEIMER, Appellant.— Proceeding for the construction of a last will and testatment. Decree of the Surrogate's Court of Westchester County, insofar as appealed from, affirmed, with costs to all parties filing briefs, payable out of the estate. No opinion. Close, P. J., Carswell, Adel and Lewis, JJ., concur; Hagarty, J., concurs for affirmance insofar as the decree sustains the validity of the trust, but dissents insofar as the decree directs payment of the carrying charges on the residence out of the principal of the trust, being of opinion that there is no language in the " Seventh " paragraph of the will which warrants the invasion of the corpus of the trust for the purpose of defraying overhead expenses during the possession of the residence by the wife. (*Matter of Ely*, 249 App. Div. 8, affd. 274 N. Y. 501.] [See *post*, p. 878.]

In the Matter of the Accounting of MOUNT VERNON TRUST COMPANY, as Trustee under the Will of ARCHIBALD M. CAMPBELL, Deceased, Appellant. AGNES J. C. ORMES et al., Respondents.— Appeal by a testamentary trustee from so much of a decree of the Surrogate's Court, Westchester County, as surcharged the trustee for negligence in retaining in the trust fund certain guaranteed mortgage certificates in violation of the directions of the testator as expressed in his will, and from an order denying the trustee's motion that the Surrogate file an amended opinion and decision showing the grounds or basis of the property values which he found. Decree and order, insofar as appealed from, unanimously affirmed, with one bill of costs to respondent Harold D. Toomey, as special guardian for Muriel Joan Campbell, payable by the trustee and not out of the estate. The Surrogate's holding that the appellant was negligent in its conduct as trustee was proper. The appellant's contentions to the contrary are unimpressive. In determining the values of the mortgaged properties, the Surrogate was not bound by the opinion evidence of any of the experts who testified, but was entitled to form an independent judgment upon the factual evidence relating to the properties. (*Roberts* v. *N. Y. E. R. R. Co.*, 128 N. Y. 455, 464, 465; *Kelly* v. *Wills*, 116 App. Div. 758, 761; *Harley* v. *Buffalo Car Mfg. Co.*, 142 N. Y. 31, 37; *Brooklyn Heights R. R. Co.* v. *Brooklyn City R. R. Co.*, 124 App. Div. 896, 901, 902.) The decision of the Surrogate as to values is adequate and finds abundant support in the evidence, and he was not required to make further findings on the application of the trustee. (Surrogate's Ct. Act, § 71.) Present — Close, P. J., Hagarty, Carswell and Adel, JJ.; Taylor, J., not voting.

In the Matter of the Accounting of EDGAR F. LUCKENBACH, as Trustee under the Will of LEWIS LUCKENBACH, Deceased. WILLIAM R. CONKLIN, as General Guardian of EDGAR F. LUCKENBACH, JR., et al., Appellants; ANDREA L. DOBBS et al., Respondents. (Appeal No. 2.) — Order of the Kings County Surrogate's Court granting motion of the successor trustee for the issuance to him of letters of trusteeship reversed on the law, with one bill of ten dollars costs and disbursements to the appellants, payable out of the estate, and the motion denied, without costs. (*Matter of Luckenbach, Appeal No. 1*, *ante*, p. 275.) Close, P. J., Carswell, Adel and Lewis, JJ., concur; Taylor, J., dissents and votes to affirm. [181 Misc. 265.]